UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

| | |
|---|---|
| ROSARIO A. FIORANI, JR.,<br><br>                          Plaintiff,<br><br>v.<br><br>ALBERT LOWRY, ENTREPRENEURIAL SERVICES, LLC, EDUCATION ADVANCEMENT INSTITUTE, ADAM LEVINE, SETH BERENZWEIG, SARAH ZAFFINA, JUDGE DOUGLAS HERNDON, and JUDGE DENIS SMITH,<br><br>                          Defendants. | Action No. 3:08–CV–394 |

MEMORANDUM OPINION

THIS MATTER is before the Court on a Motion to Proceed in Forma Pauperis by Rosario A. Fiorani, Jr. The Motion will be GRANTED and the Clerk will be DIRECTED to file Fiorani's Complaint. For the reasons stated below, however, the Complaint will be DISMISSED WITH PREJUDICE.

1. <u>Background</u>

Fiorani alleges that Albert Lowry, through his company, Entrepreneurial Services, Judges Douglas Herndon and Denis Smith, and attorneys Adam Levine, Sarah Zaffina, and Seth Berenzweig engaged in a conspiracy to violate his First Amendment rights. Fiorani's allegations stem from an allegedly fraudulent real estate seminar run by Lowry on October 5 and 6, 2002. Fiorani claims that his participation in Lowry's seminar cost him $15,000, and that he incurred additional expenses of $35,000 within the next year that were directly

related to his participation in the seminar.  Fiorani alleges that to date, the seminar and Lowry's "practices of conduct" defrauded him of $500,000.  Fiorani alleges that these acts harmed him and his family physically and emotionally for the five year period from 2003–2008.[1]

Fiorani alleges that the defendants violated 42 U.S.C. § 1983, 28 U.S.C. § 1343, and the First, Fifth, and Fourteenth Amendments by conspiring together to deprive him of his rights.  Fiorani alleges specifically that Lowry, Zaffina, Berenzweig, and Judge Denis Smith engaged in a conspiracy to coerce him to confess to civil unrest after he was charged with that offense on May 16, 2008.  Though Lowry does not specifically allege how the other defendants conspired to violate his rights, he asserts that, under the principle of vicarious liability, they are all responsible for each other's crimes.

2.   Standard of Review

The Court may review a complaint filed under 28 U.S.C. § 1915, the statute governing claims filed in forma pauperis, on its own initiative.  See Neitzke v. Williams, 490 U.S. 319, 324 (1989).  If the suit "is frivolous or malicious" or "seeks monetary relief against a defendant who is immune from such relief," the Court may dismiss the suit on its own initiative, 28 U.S.C. § 1915(e)(2)(B)(i),(iii), to spare the defendants "the inconvenience and expense of answering [the] [C]omplaint[]."  Neitzke, 490 U.S. at 324.

A claim is frivolous if it is based on allegations that are irrational or incredible, regardless of whether any facts that may be judicially noticed contradict the allegations.

---

[1] Subsequently, Lowry sued Fiorani for defamation.

Denton v. Hernandez, 504 U.S. 25, 33 (1992). In addition, a claim is frivolous if it is "based on an indisputably meritless legal theory," Neitzke, 490 U.S. at 327 – for example, if it is lodged against a defendant that is clearly immune from suit or purportedly rests on a legal interest that clearly does not exist, see Neitzke, 490 U.S. at 327.

In reviewing the Complaint, the Court may "pierce the veil of [its] factual allegations and dismiss those claims whose factual contentions are clearly baseless." Id. A claim is "baseless" if it includes allegations that are "fanciful," "fantastic," or "delusional." Id. at 325, 327–28. Whether a claim is frivolous is within the discretion of the court considering the in forma pauperis application. Mercier v. Tandy, 503 F.Supp. 2d 797, 799 (E.D. Va. 2007).

Applying that standard to Fiorani's Complaint, the Court finds that none of his claims survive review.

3.   Discussion

  A.   Res Judicata

On April 9, 2008, the plaintiff filed a Complaint in a different division of this district, alleging very similar claims. The defendants in the previous Complaint were Albert Lowry, Entrepreneurial Services, Education and Advancement Institute, Adam Levine, Seth Berenzweig, and Sarah Zaffina. In the Complaint before this Court, the plaintiff has added Judges Douglas Herndon and Denis Smith as defendants. Though the Complaint before this Court is more detailed, the Court has determined that the allegations are substantially the same. The allegations include a violation of the plaintiff's First, Fourth, and Fourteenth

Amendment rights by the defendants. The plaintiff's previous complaint was dismissed with prejudice. The Complaint before this Court is thus barred by res judicata, in which a court may take judicial notice of facts from a prior judicial proceeding when the res judicata defense raises no disputed issue of fact. <u>Andrews v. Daw</u>, 201 F3d 521, 524 n.1 (4th Cir. 2000).

B.   <u>Judicial immunity</u>

Judges Douglas Herndon and Denis Smith were not named as defendants in the plaintiff's previous suit; however, they are immune from the plaintiff's suit based on the doctrine of judicial immunity. The doctrine of absolute immunity for a judge's actions in connection with his or her judicial authority and responsibility is well established and widely recognized. See <u>Mireles v. Waco</u>, 502 U.S. 9, 11–12 (1991) (judges are immune from civil suit for actions taken in their judicial capacity, unless "taken in the complete absence of all jurisdiction"); <u>Chu v. Griffith</u>, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions.").

The plaintiff states that Judges Douglas Herndon and Denis Smith, both defendants, acted in their "official capacity as 'officers' of their respective court[s]" in their interactions with him. Therefore, Judges Douglas Herndon and Denis Smith are immune from the allegations that Fiorani states in his Complaint. Consequently, the claims against them will be dismissed with prejudice.

4.   <u>Conclusion</u>

For the reasons stated above, the Court concludes that Fiorani's Complaint is frivolous and baseless. Consequently, while the Court will GRANT Fiorani's Motion to Proceed in Forma Pauperis and DIRECT the Clerk to file the Complaint, the Court will DISMISS the Complaint with prejudice on its own initiative.

It is SO ORDERED.

>                    /s/
> **James R. Spencer**
> **Chief United States District Judge**

ENTERED this ___21st___ day of July 2008